NOT DESIGNATED FOR PUBLICATION

No. 115,298

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
VALDIE T. BARNETT.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed September 30, 2016.
Reversed and remanded.

*Robert A. Anderson, Sr.*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.

*Dwight R. Carswell*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL, J., and BURGESS, S.J.

*Per Curiam*: The Ellsworth County District Court classified Valdie Barnett as a sexually violent predator under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 2015 Supp. 59-29a01 *et seq*. Barnett appealed this classification. Due to the fact that the mandatory requirements of K.S.A. 2015 Supp. 59-29a05(d) were not met, this matter is reversed and remanded.

FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Barnett was convicted of attempted indecent liberties with a child and indecent solicitation of a child. Both crimes are classified as sexually violent offenses. K.S.A. 2015 Supp. 59-29a02(e)(2), (6), (12).

1

In March 2012, prior to his release from prison for these crimes, Dr. Jane Kohrs, a licensed psychologist, conducted a Clinical Service Report (Report) for the purposes of diagnosing Barnett and making a recommendation as to further treatment for Barnett. She met with Barnett one time for 1 1/2 hours. Prior to the Report, Dr. Kohrs reviewed Barnett's past history, including his juvenile adjudications, adult convictions, and his prison disciplinary record. This history included, among other nonsexual offenses, juvenile adjudications for aggravated sexual battery and aggravated indecent liberties in addition to his current adult convictions. Barnett's prison disciplinary record also contained a violation for possession of pornography.

Based on her evaluation, Dr. Kohrs diagnosed Barnett with antisocial personality disorder. She also completed a Static-99R, an assessment tool designed to measure the risk of sexually violent recidivism, and determined Barnett had a high risk of committing sexually violent offenses in the future. See *In re Care & Treatment of Williams*, 292 Kan. 96, 98-99, 253 P.3d 327 (2011) (describing the Static-99R).

On May 24, 2012, the State filed a petition seeking to have Barnett civilly committed under the KSVPA. Barnett stipulated probable cause existed to believe he was a sexually violent predator, and the district court ordered he be transported to Larned State Security Hospital for an evaluation by a qualified psychologist or psychiatrist pursuant to K.S.A. 2015 Supp. 59-29a05(d).

Dr. Rebecca Farr performed a forensic evaluation on Barnett to determine if he met the requirements to be classified under the law as a sexually violent predator. She diagnosed Barnett with pedophilia and antisocial personality disorder. Dr. Farr also performed a variety of risk assessments and determined that Barnett had a moderate to high risk of committing future acts of sexual violence. She concluded that Barnett met the requirements to be classified as a sexually violent predator. At the time of the evaluation, Dr. Farr held a temporary license to practice psychology and was supervised by Dr. John

2

Reid. Barnett elicited testimony from Dr. Farr that she did not pass her licensing exam, and she planned to retake it. After the proceedings, but before the district court made a determination if Barnett should be classified as a sexually violent predator, Dr. Farr again failed her licensing exam.

Barnett's trial began on March 28, 2013, and continued to March 29, 2013. On these 2 days the district court heard testimony from Dr. Farr, Dr. Reid, and Dr. Robert Barnett, the psychologist who performed Barnett's independent evaluation. After the testimony of these three psychologists, the district court suspended the trial to allow the Kansas Behavioral Sciences Regulatory Board to respond to a complaint by Barnett and another individual that Dr. Reid had failed to adequately supervise Dr. Farr during Barnett's evaluation. Before a determination was made, trial resumed on June 10, 2013, and Dr. Kohrs discussed her Report of Barnett. She testified that, in her opinion, Barnett met the requirements to be classified as a sexually violent predator.

The Behavioral Sciences Regulatory Board formally determined in October 2013 that Dr. Farr was adequately supervised. After this determination was made, the parties submitted their written closing arguments.

Approximately 2 weeks after the submission of the closing arguments, Barnett filed a "Request to Reopen the Evidentiary Record" and challenged the constitutionality of the KSVPA. The district court granted Barnett's motion over the State's objections. Barnett had not previously challenged the KSVPA's constitutionality.

Barnett submitted affidavits from two officials at Larned State Security Hospital stating that as of April 15, 2014, 294 individuals had been civilly committed under the KSVPA, 3 had been discharged under K.S.A. 59-29a19, one resident was pending release, and 25 civilly committed individuals had died, including 5 who died while on either transitional or conditional release. Based on this data, Barnett argued the KSVPA

3

was unconstitutional under the Fifth and Eighth Amendments to the United States Constitution.

The district court stated it was unnecessary to address Barnett's constitutional challenges until the court determined if he was a sexually violent predator. On June 20, 2014, the district court issued a journal entry finding Barnett to be a sexually violent predator and the district court ordered him civilly committed to the custody of the Secretary of the Kansas Department for Aging and Disability Services for care and treatment. The district court subsequently rejected Barnett's constitutional challenge to the KSVPA.

Barnett timely appeals his civil commitment under the KSVPA and the district court's denial of his constitutional claims.

On appeal, Barnett argues: (1) a qualified professional did not perform his evaluation required by K.S.A. 2015 Supp. 59-29a05(d); (2) there was insufficient evidence to classify him as a sexually violent predator; (3) the KSVPA violates the Eighth Amendment's prohibition against cruel and unusual punishment; and (4) the KSVPA violates the Fifth Amendment's prohibition against double jeopardy.

WAS DR. KOHRS PROFESSIONALLY QUALIFIED TO PERFORM BARNETT'S K.S.A. 59-29a05(d) FORENSIC EVALUATION

Barnett first argues on appeal that the doctor who conducted his psychological evaluation required by K.S.A. 2015 Supp. 59-29a05(d) was not professionally qualified to conduct such an evaluation.

4

K.S.A. 2015 Supp. 59-29a05(d) provides:

"If the probable cause determination is made, the court shall order that the person be transferred to an appropriate secure facility, including, but not limited to, a county jail, for an evaluation as to whether the person is a sexually violent predator. The evaluation ordered by the court shall be conducted by a person deemed to be professionally qualified to conduct such an examination."

Barnett specifically argues that "Dr. Jane Kohrs was not professionally qualified to conduct a forensic KSVPA evaluation, due to her lack of special knowledge, skill, experience or training possessed in preparing KSVPA evaluations pursuant to K.S.A. 59-29a05(d)." However, Dr. Farr, not Dr. Kohrs, performed Barnett's KSVPA evaluation. Although Barnett challenged Dr. Farr's qualifications below due to her temporary license, he does not specifically challenge Dr. Farr's qualifications on appeal.

Barnett also argues that because the district court stated it was not relying on the testimony of Dr. Farr in its journal entry finding Barnett a sexually violent predator, it is as if he never received this evaluation and Dr. Kohrs' Report cannot be substituted for Dr. Farr's KSVPA evaluation.

The district court specifically said it was only relying on the testimony of Dr. Kohrs in making its determination that Barnett was a sexually violent predator under the KSVPA. It did not rely on the testimony of Dr. Farr and gave "no weight" to the testimony of Dr. Barnett, the doctor who performed Barnett's independent evaluation. That statement seems to indicate that the district court did not find the testimony of either Dr. Farr or Dr. Barnett credible. Although there was a KSVPA forensic evaluation prepared for the district court to determine if Barnett met the requirements to be classified as a sexually violent predator, the district court gave this no weight.

5

In its journal entry, the district court specifically stated: "The Court specifically does not rely on the testimony of Dr. Farr." It also questioned the qualifications of Dr. Farr stating:

> "The Court feels obligated to comment of Dr. Farr. The Petitioner tried to say the Court should . . . accept Dr. Farr's testimony because of her degrees and hours of actual supervision. If she cannot pass the test for licensing, doesn't that raise some doubt about the effectiveness of her degree and the efficacy of the supervision? The degree and hours are a prerequisite to being entitled to take the test for a license. Whether or not you can pass the test shows the effectiveness of the schooling leading to the degree and the hours spent."

The State did not cross-appeal the district court's apparent classification of Dr. Farr as unqualified.

Barnett does not challenge Dr. Farr's qualifications on appeal, but he does raise the issue of whether he received the evaluation that is required by K.S.A. 2015 Supp. 59-29a05(d). That statute requires that the evaluation be done by a qualified professional, and it is perfectly clear that the district court did not find Dr. Farr to be a qualified professional. Barnett did not received the statutorily mandated evaluation, and, as a result, this case must be reversed.

In view of the fact that the threshold issue of whether Barnett received the mandated evaluation necessitates reversal, this court will not address any of the other issues raised by Barnett on appeal.

Reversed and remanded for further proceedings.